FILED
2010 MAR 12  P 2 53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHERYL REDWINE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| vs. ) | |
| ) | CV-10-AR-0534-S |
| GGNSC BIRMINGHAM LLC, ) | |
| ) | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from race discrimination and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and 42 U.S.C. §1981, as amended.  The jurisdiction of this Court is based on 28 U.S.C. §1331.

2. Plaintiff timely filed her charge with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment.  Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter from the EEOC.

### II. PARTIES

3. Plaintiff Theresa Lee ("Plaintiff") is a citizen of the United States over the age of nineteen and a resident of Hoover, Jefferson County, Alabama.

4. Defendant GGNSC Birmingham LLC ("Defendant") is an Alabama limited liability corporation and an employer as that term is contemplated under Title VII.

## III. BACKGROUND

5. Paragraphs 1-4 above are incorporated by reference.

6. Defendant owns and operates a retirement facility ("the facility") under the name of Golden Living Centers in Hoover, Alabama.

7. Plaintiff is African-American.

8. Plaintiff became employed by Defendant in or about December of 2006 to work at the facility.

9. Plaintiff's position was Licensed Practical Nurse.

10. The administrator at the facility was Nancy Stanford, who is Caucasian.

11. Stanford disciplined Plaintiff and suspended her in March and April of 2009.

12. Stanford disciplined Plaintiff and suspended her for things that Plaintiff was not responsible for and which were done by similarly-situated Caucasian employees who were not disciplined.

13. Plaintiff complained to Stanford about this and she also made a complaint to the corporate home office in Arkansas.

14. In doing so, Plaintiff complained that it was discriminatory treatment based on race.

15. On or about May 13, Stanford terminated Plaintiff.

16. The reason given was that Plaintiff had mistreated a resident.

17. The asserted reason was false and pretextual.

18. Similarly situated Caucasian employees were not similarly disciplined for such alleged behavior.

## IV. CAUSES OF ACTION

## COUNT I

## TITLE VII

19. Paragraphs 1-18 above are incorporated by reference.

20. Defendant violated Plaintiff's rights under Title VII by terminating her because of her race and/or because she had complained of conduct that Plaintiff reasonably believed to be unlawful under Title VII.

21. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating Title VII;

(iii) That the Court enter an Order requiring Defendant to make Plaintiffs whole by re-hiring her and placing her in the position she would have occupied in the absence of

discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## 42 U.S.C. §1981

22. Paragraphs 1-21 above are incorporated by reference.

23. Defendant violated Plaintiff's rights under §1981 by terminating her because of her race and/or because she had complained of conduct that Plaintiff reasonably believed to be unlawful under §1981.

24. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating §1981;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by re-hiring her and placing her in the position she would have occupied in the absence of

discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

_____
Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

_____
Attorney for Plaintiff

Defendant's Address:
GGNSC Birmingham LLC
c/o CSC Lawyers Incorporating SVC, Inc.
150 S Perry St.
Montgomery, AL 36104-4227