FILED

2010 Apr-05  AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL REDWINE, | : | Case No. 2:10-CV-00534 |
| Plaintiff, | : | Judge Acker |
| vs. | : | **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| GGNSC BIRMINGHAM LLC, | : | |
| Defendant. | : | |

Defendant GGNSC Birmingham LLC d/b/a Golden Living Center Riverchase, by and through its counsel, for its Answer to Plaintiff's Amended Complaint, states as follows:

## I.    JURISDICTION

1.    Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that it committed any illegal actions or unlawful employment practices.

2.    The first sentence of Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies that it committed any illegal actions or unlawful employment practices.  Further, Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received notice of her rights to sue from the Equal Employment Opportunity

Commission or whether this suit was filed within 90 days after receipt of such letter and therefore, denies this allegation.

## II.   <u>PARTIES</u>

3.      Defendant admits that Cheryl Redwine ("Redwine" or "Plaintiff") is a citizen of the United States.  Defendant admits that Plaintiff is over the age of 19. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen of the State of Alabama, and therefore, denies this allegation.

4.      Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint.

## III.   <u>BACKGROUND</u>

5.      In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendant incorporates its responses to Paragraphs 1 through 4 as if fully set forth herein..

6.      Defendant admits that it owns and operates a skilled nursing care facility under the name of GGNSC Birmingham LLC d/b/a Golden Living Center Riverchase in Hoover, Alabama.

7.      Defendant admits the allegations in Paragraph 7 of the Amended Complaint.

8.      Defendant admits that Plaintiff became employed by Defendant on or around December 19, 2006.

9.     Defendant admits that Plaintiff was employed as a License Practical Nurse at its facility in Hoover, Alabama.

10.     Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

11.     As written, Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendant denies that Plaintiff complained to Stanford or to the corporate office in Arkansas about any type of discriminatory treatment.

14.     Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant admits that, on or around May 13, 2009, Plaintiff was terminated.

16.     Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

## IV.   CAUSES OF ACTION

### COUNT I - TITLE VII

19.    In response to Paragraph 19 of Plaintiff's Amended Complaint, Defendant incorporates its responses to Paragraphs 1 through 18 as if fully set forth herein.

20.    Paragraph 20 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies that it committed any illegal actions or unlawful employment practices.

21.    Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

### COUNT II - 42 U.S.C. § 1981

22.    In response to Paragraph 22 of Plaintiff's Amended Complaint, Defendant incorporates its responses to Paragraphs 1 through 21 as if fully set forth herein.

23.    Paragraph 23 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies that it committed any illegal actions or unlawful employment practices.

24.    Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Defendant denies that Plaintiff is entitled to any relief, including the relief set forth in any paragraph of Plaintiff's Amended Complaint.

26.    Defendant denies each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein.

## FIRST DEFENSE

27.    Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

28.    Plaintiff's claims are barred under the applicable statute of limitations.

## THIRD DEFENSE

29.    Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

## FOURTH DEFENSE

30.    Compensatory damages, punitive damages and/or attorneys' fees are not available for the causes asserted.

## FIFTH DEFENSE

31.    An award of punitive damages in this action would be unconstitutional.

## SIXTH DEFENSE

32.    An award of reinstatement or front pay would be inequitable.

## SEVENTH DEFENSE

33.     Plaintiff has failed to mitigate her damages.

## EIGHTH DEFENSE

34.     Defendant's actions were taken fro legitimate business reasons other than race or retaliation.

## NINTH DEFENSE

35.     Defendant's actions were justified by business necessity

## TENTH DEFENSE

36.     Defendant reserves the right to supplement its Answer with additional affirmative defenses.

**WHEREFORE**, Defendant GGNSC Birmingham LLC requests:

(a)     that Plaintiff's claims against it be dismissed with prejudice;

(b)     that it be awarded its costs herein, including reasonable attorney's fees in accordance with § 706(k) of Title VII, 42 U.S.C. § 2000a-3(b); and

(c)     any other relief the Court deems just and proper.

Respectfully submitted,

_s/_ Bricker S. Daughtry

Bricker S. Daughtry (ASB-2960-B60D)

**CARR, ALLISON, PUGH, HOWARD, OLIVER & SISSON**

100 Vestavia Parkway
Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 (Facsimile)

Attorney for Defendant, GGNSC
Birmingham, LLC

**Of Counsel:**

Charles M. Roesch, Esq.
Carrie E. Russell, Esq.
DINSMORE & SHOHL LLP
255 E. Fifth Street
1900 Chemed Center
Cincinnati, OH  45202
(513) 977-8200
(513) 977-8141 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam M. Porter
2301 Morris Avenue, Suite 102
Birmingham, AL 35203

_s/_ Bricker S. Daughtry